UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANCE WILLIAMS,

Plaintiff,

v.

C.D.C.R., et al.,

Defendants.

Case No. 2:25-cv-03743-TLN-CSK (PS)

FINDINGS AND RECOMMENDATIONS

(ECF Nos. 1, 2)

Plaintiff Lance Williams is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons that follow, the Court recommends Plaintiff's IFP application be denied, and the Complaint be dismissed without leave to amend.

**I. MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,960.00. *See* U.S. Dep't Health & Human Servs. (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff has not made the required financial showing under 28 U.S.C. § 1915(a). (*See* ECF No. 2.) Plaintiff filed a form Application to Proceed in District Court Without Prepaying Fees or Costs, but the filing is missing the second page and is unsigned. *See id.* Additionally, the Court recommends Plaintiff's IFP application be denied because the action is facially frivolous or without merit. "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x. 638 (9th Cir. 2014) ("[T]he district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit."); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of Plaintiff's Complaint that this action is frivolous or is without merit as discussed in more detail below, the Court recommends Plaintiff's IFP motion be denied.

/ / /

## II. SCREENING REQUIREMENT

Even if the Court were to grant Plaintiff's IFP application, Plaintiff's Complaint warrants dismissal pursuant to 28 U.S.C. § 1915(e)'s required pre-answer screening. Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id*. at 326-27; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post-*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80

F.3d 336, 339 (9th Cir. 1996).

## III. PLAINTIFF'S COMPLAINT

Plaintiff names as defendants the California Department of Corrections and Rehabilitation ("CDCR"), Folsom State Prison, and Richard J. Donovan Correctional Facility (sued as "Richard J. Donovan Prison"). Compl. at 2-3 (ECF No. 1). Plaintiff asserts claims under 42 U.S.C. § 1983 for violations of the Fourteenth Amendment, violations of the Fifth Amendment Due Process Clause, and First Amendment retaliation. *Id.* at 3. Plaintiff alleges that on March 1, 2023, Defendant CDCR "filed 1099 tax forms on plaintiff" and that "one of the tax forms filed states plaintiff received a settlement for $5400," which Plaintiff asserts he never received. *Id.* at 5. Plaintiff filed a "grievance log number 393767 that [he] has not received any response on." *Id.* Plaintiff alleges he has "suffered severe injury by filing a false tax return because info was incorrect due to [DEFENDANT CDCR['s] intentional deliberate acts . . . such as being audited and fined and placed in prison." *Id.* Plaintiff further alleges injury to his credit, to "his ability to file taxes correctly without being found in contempt with I.R.S.," and to his mental health. *Id.* at 6. For relief, Plaintiff seeks compensatory damages of $100,000 and punitive damages of $100,000. *Id.*

## IV. DISCUSSION

### A. Eleventh Amendment Immunity

Plaintiff's § 1983 claims against Defendants are barred by the Eleventh Amendment. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. *See Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam); *Jackson v. Hayakawa*, 682 F.2d 1344, 1349-50 (9th Cir. 1982). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999). A suit against CDCR and its affiliate state prisons is barred by the Eleventh Amendment. *See Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752

(9th Cir. 2009); *Richardson v. Cal. Dep't of Corr. & Rehab.*, 2023 WL 2394543, at *3 (N.D. Cal. Mar. 6, 2023) ("[CDCR], as well as state prisons like Salinas Valley State Prison . . . . are clearly state agencies subject to sovereign immunity."). Accordingly, plaintiff's claims against Defendants must be dismissed.

**B. Failure to Comply with Federal Rule of Civil Procedure 8**

Even if Plaintiff's claims were asserted against an individual defendant not subject to Eleventh Amendment immunity, Plaintiff's Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Here, Plaintiff does not allege any specific facts demonstrating how any defendant specifically violated his constitutional rights based on the filing of an incorrect form 1099. In one sentence, Plaintiff asserts that he "was never provided with any due process" and "suffered severe injury by filing a false tax return . . . such as being audited and fined and placed in prison." Compl. at 5. These vague allegations are insufficient. Further, although Plaintiff states in a conclusory manner that "falsified federal tax documents in [the] name of [P]laintiff [ ] is a crime and violation of [P]laintiff['s] civil rights," *id.*, Plaintiff has not established a constitutional right to have federal tax forms filed properly. *See Stansel v. City of Atlanta*, 593 F. App'x 866, 870 (11th Cir. 2014) ("Stansel offers no authority for the proposition that the right she asserts here—the right to have her W2s filed properly—is actually an individual federal right, much less a serious constitutional right.") (internal quotation marks omitted); *Cuellar v. Wilkerson*, 2012 WL 1409263, at *3 (N.D. Tex. Apr. 23, 2012) (dismissing § 1983 claims where "plaintiff has utterly failed to plead facts showing the failure to file a 1099–OID with the I.R.S. violated any federally protected constitutional right").

Accordingly, the Complaint is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot

determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *Stansel*, 593 F. App'x at 870 (affirming dismissal with prejudice).

**C. Leave to Amend**

In considering whether leave to amend should be granted, the Court finds that all defendants named are immune from suit and that Plaintiff's Complaint does not comply with the requirements of Federal Rule of Civil Procedure 8. *See generally* Compl. In light of the Complaint's deficiencies, granting leave to amend would be futile. The Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

## V. CONCLUSION

Based upon the findings above, it is RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;
2. Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 3, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, will.3743.25